# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

1. NASIR RAHIM, )
   )
2. GLENN BEARDEN, )
   )
   Plaintiffs, on behalf of themselves )
   and others similarly situated, )
   )
v. ) Case No. CIV-17-220-W
   )
1. CSAA INSURANCE SERVICES, INC., )
   )
2. CSAA INSURANCE SERVICES, LLC, ) JURY TRIAL DEMANDED
   ) ATTORNEY LIEN CLAIMED
3. CSAA INSURANCE GROUP, )
   )
4. CSAA FIRE & CASUALTY )
   INSURANCE COMPANY, )
   )
   Defendants. )

## COMPLAINT

**COME NOW THE PLAINTIFFS**, individually and on behalf of others similarly situated, and hereby plead their claims as follows:

## PARTIES

1. The Plaintiffs are Nasir Rahim, an adult resident of Oklahoma County, Oklahoma, and Glenn Bearden, an adult resident of Oklahoma County, Oklahoma. Plaintiffs Rahim and Bearden pleads on behalf of themselves and others similarly situated.

2. The Defendants are CSAA Insurance Services, Inc.; CSAA Insurance Group; CSAA Insurances Services, LLC and CSAA Fire & Casuality Insurance Company, all foreign, private entities doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff Rahim asserts claims for:

   A. Wrongful termination after Plaintiff complained of unpaid wages and sought unpaid wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, 215, *inter alia*.; and,

   B. Failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, 215, *inter alia*. Plaintiff asserts the FLSA failure to pay wages claim individually and on behalf of others similarly situated.

4. Plaintiff Bearden asserts claims for failure to pay overtime compensation in violation of the FLSA (on behalf of himself and others similarly situated), and, individually, for retaliatory demotion after Plaintiff Bearden complained of Defendants failing to pay other employees wages, including overtime, for which they were owed.

5. Jurisdiction over the federal claims is vested in this Court under 29 U.S.C. § 216 and 28 U.S.C. § 1331. Many of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendants may be served in that county. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. The Defendants, jointly and separately, are companies which provide insurance coverage to persons in Oklahoma and other states including Arizona, California, Nevada, Colorado, New Jersey, New York, Kentucky, Indiana and Ohio.

7. The Defendants, separately and jointly, have annual gross receipts exceeding five

hundred thousand dollars ($500,000).

8. The Defendants, separately and jointly, are covered employers under the Fair Labor Standards Act and the Oklahoma Protection of Labor Act.

9. Each of the named Defendants are Plaintiffs' employers in that:

   A. the Defendant CSAA Insurance Services, LLC is identified as Plaintiffs' employer on the handbook that applied to Plaintiff during his employment;

   B. the Defendant CSAA Insurance Services, Inc. represented to the Internal Revenue Services (IRS) that it is Plaintiffs' employer by identifying itself as Plaintiffs' employer in the W-2 forms;

   C. CSAA Insurance Group is identified as Plaintiffs' employer on the insurance card given to the Plaintiffs. Additionally, Plaintiffs' supervisor, Pamela Arms, is identified as an employee of CSAA Insurance Group; and,

   D. CSAA Fire & Casualty Insurance Company is identified as Plaintiffs' employer on various employment records and company documents given to the Plaintiffs.

10. Each of the named Defendants are Plaintiffs' direct employers and are individually liable for the claims herein. In the alternative, the defendants are joint employers or an integrated enterprise and are liable in the capacity(ies) of joint employers and/or integrated enterprise capacities in that each employer controlled the terms and conditions of Plaintiffs' employment, gave Plaintiffs instructions on what job duties to perform and supervised the Plaintiffs' day-to-day operations.

11. Plaintiff Rahim was an at-will employee for the Defendants from around January 4,

2010 until around November 8, 2016.

12. Plaintiff Bearden began working for the Defendants from around June 4, 2011 and continues to be employed by the Defendants.

13. Beginning around 2012 Plaintiff Rahim began working under the job title of Field Claim Specialist.

14. Beginning around December 2016, Plaintiff Bearden began working under the job title of Field Claim Specialist.

15. Prior to December 2016, Plaintiff Bearden worked under the job title of Homeowner Claim Supervisor.

16. The job duties of a Field Claim Specialist include inspecting homes insured by the Defendants for damages (e.g. storm damage, etc.). In doing so, the Plaintiffs and others similarly situated, were required to perform manual labor including climbing on roofs and other areas of the home to inspect for damage.

17. Plaintiffs were both, at all times, qualified for their jobs and performed their jobs satisfactorily.

18. Field Claim Specialists were (and are) entitled to overtime compensation for hours worked over forty in a work-week.

19. During the period Plaintiffs, and those similarly situated, worked as Field Claim Specialists ("Field Claim Specialists")[1] the Defendants:

---

[1] The term "Field Claim Specialists" is meant to encompass those employees who are similarly situated to the Plaintiffs by performing similar work as the Plaintiffs performed as Field Claim Specialists, even if the job title of others similarly situated was different.

    A.    Assigned cases and job duties to Field Claim Specialists and deadlines in which such duties must be completed;

    B.    Required Field Claim Specialists to work, nearly every week, more than forty hours per work-week, in order to complete the assigned job duties by the deadline given by Defendants; and,

    C.    Knew the hours Field Claim Specialists worked each week because Field Claim Specialists were required to log into Defendants' programs when working on claims. Defendants used programs such as Xactinalysis, SEAGALL and CAS to record the hours worked by Field Claim Specialists. Additionally, Defendants maintained other electronic records showing the amount of hours worked by Field Claim Specialists.

20. Defendants refused to pay Plaintiffs, and others similarly situated, at least twenty to twenty-five hours per week, although Defendants knew Field Claim Specialists (including Plaintiffs) had worked these hours and had earned such wages.

21. Around January 2016, the Plaintiff Rahim began complaining to his supervisor, Glenn Bearden, of the failure to pay Plaintiff all of the overtime compensation he had earned.

22. Mr. Bearden reported Plaintiff's complaints to Jennifer Wolf (Supervisors, working from Defendants' Colorado office).

23. In response, Defendants began instructing Plaintiff Bearden to, essentially, set the Plaintiff up to fail by assigning him too many claims Plaintiff could possibly timely perform. Ms. Wolf then instructed Plaintiff Bearden, to discipline the Plaintiff

Rahim, including placing him on a performance improvement plan (PIP).

24. Around November 10, 2016, Plaintiff Rahim was terminated by Ms. Wolf and Pamela Arms (Senior Field Claim Manager, located in Defendants' California office).

25. At the time of his termination, Plaintiff Rahim had not received the wages he earned in the two weeks prior. Ms. Wolf instructed Plaintiff Bearden to modify Plaintiff Rahim's time card to delete approximately twenty hours from Plaintiff Rahim's time card. Defendants fraudulently modified the time-card to avoid paying Plaintiff additional wages, including overtime wages.

26. Plaintiff Bearden opposed Ms. Wolf's instructions and told Ms. Wolf that Plaintiff Rahim had worked the hours on his time card and was owed wages, including overtime, for the hours he worked.

27. In addition in the prior three months and before, Plaintiff Bearden had refused to disallow payment of overtime compensation to Field Claim Specialists who had earned such compensation by performing work for the Defendants.

28. Defendants demoted Plaintiff Bearden to the position of Field Claims Specialist around December 2016.

29. As a Field Claim Specialist, Plaintiff Bearden was entitled to overtime compensation for those hours he worked over forty in a work-week.

30. As a Field Claim Specialist, Plaintiff Bearden worked, nearly every week, hours for which he has not been compensated.

31. As a direct result of Defendants' conduct Plaintiff Rahim has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of

benefits associated with such wages), and emotional distress/dignitary harm damages.

32. As a direct result of Defendants' conduct, Plaintiff Bearden has suffered, and continues to suffer, wage loss (including overtime compensation).

33. At the least, a significant factor in Plaintiff Rahim's termination was his complaints of unpaid wages, including unpaid overtime wages.

34. Defendants' conduct was willful or, at the least, in reckless disregard of Plaintiffs' rights, such that Plaintiff is entitled to take advantage of the FLSA's three year statute of limitation.

## COUNT I

Plaintiff incorporates the above allegations and further alleges:

35. This count applies to Plaintiff Rahim, individually.

36. Wrongful termination after Plaintiff Rahim complained of unpaid wages is a violation of the FLSA, 29 U.S.C. § 215, *inter alia*.

37. Plaintiff Rahim is entitled to his wage loss (including benefit loss). Under the FLSA, Plaintiff is entitled to interest and liquidated damages.

38. Plaintiff seeks attorney fees and costs under this Count.

## COUNT II

Plaintiff incorporates the above allegations and further alleges:

39. This count applies to Plaintiff Bearden, individually.

40. Wrongful demotion after Plaintiff Bearden complained of unpaid wages is a violation of the FLSA, 29 U.S.C. § 215, *inter alia*.

41. Plaintiff Bearden is entitled to his wage loss (including benefit loss). Under the

FLSA, Plaintiff Bearden is entitled to interest and liquidated damages.

42. Plaintiff Bearden seeks attorney fees and costs under this Count.

## **COUNT III**

## **COLLECTIVE ACTION**

Plaintiff Rahim and Plaintiff Bearden (as a Field Claim Specialist), on behalf of themselves, and others similarly situated, incorporates the above allegations and further alleges:

43. This count applies to the Plaintiffs Rahim and Bearden, and others similarly situated.

44. Failure to pay the Plaintiff and others similarly situated, overtime for the hours worked, is a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216, *inter alia*.

45. Plaintiffs and others similarly situated are entitled to their unpaid wages, including unpaid overtime compensation, under the FLSA, in addition to liquidated damages, attorney fees and costs.

46. Because Defendants' conduct is willful, Plaintiffs and class members are entitled to seek damages for a three-year time period from the date of filing this lawsuit. There is no statute of limitations under the OPLA.

**COLLECTIVE/CLASS CERTIFICATION**

47. The actions above described constitute:

    A. An illegal policy which is contrary to the FLSA; and

    B. The non-payment of overtime wages, as prohibited by the FLSA.

48. Because the injuries of Plaintiffs and others similarly situated arise from an unlawful

policy, Plaintiffs should, upon discovery of the identity of the similarly treated employees, be entitled to a certification of a class of injured employees entitled to such relief. There are approximately, to Plaintiffs' knowledge, at least seventy employees in Oklahoma, Arizona and other states whose overtime wages have not been paid.

49. The class is specifically knowable and defined as it consists of current and former employees of the Defendants who performed similar job duties Plaintiffs performed as a Field Claim Specialist and who were paid in the same manner as the Plaintiffs as described above and who received the unlawful wage deductions.

50. The class is sufficiently numerous that it is impractical to name each member of the class individually and such that a class action is most economical, expeditious and just way of managing this claim.

51. There are questions of law or fact common to the class, including whether the employees worked hours and earned overtime wages for which they were not compensated.

52. Plaintiffs Rahim and Bearden, as the class representatives, shares the same questions of law and fact with other class members and will fairly and adequately protect the interests of the class.

53. The only factual matter different between the collective plaintiffs would be the amount of wages lost and damages owed.

**WHEREFORE,** Plaintiffs, on behalf of themselves, and others similarly situated, prays that he be granted judgment in his favor and against the Defendants on all of their

claims, and that this Court grant the Plaintiffs and class members all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 28th DAY OF FEBRUARY, 2017**.

s/Amber L. Hurst
Mark Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, GOWENS & HURST
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
Email: mark@hammonslaw.com

   And

Kwame T. Mumina, OBA No. 10415
Cynthia D'Antonio, OBA No. 19652
GREEN, JOHNSON, MUMINA
& D'ANTONIO
400 N. Walker, Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 702-7228
Facsimile: (405) 702-6898
Email: kmumina@gjmlawyers.com
Email: cynthia@gjmlawyers.com
*Counsel for Plaintiffs*